**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | | **PLAINTIFF** |
| v. | Case No. 4:18-cr-00487 KGB | |
| **JAMES DAVID ROSS** | | **DEFENDANT** |

**ORDER**

On October 6, 2020, the Court conducted a pretrial conference with counsel for the government, defendant James David Ross, and counsel for Mr. Ross. The Court made the following rulings and addressed the following matters:

1. Mr. Ross and the government are satisfied with the arrangement of the tables in the courtroom.

2. Mr. Ross does not waive his right to be present at any bench conference that might arise during the trial.

3. The parties and the Court discussed how personal information related to the witnesses will be handled during the trial, given the Court's admonition that efforts be made to redact such information from publicly available information and documents related to trial.

4. The parties and the Court discussed the anticipated length of time to present evidence, and the Court anticipates the case will take three to four days to try.

5. The Court will seat a 12-person jury with 2 alternates. Mr. Ross will be permitted 10 preemptory strikes to the 12-person panel and one strike to the alternate-panel. The government will be permitted six preemptory strikes to the 12-person panel and one strike to the alternate-panel.

6. Parties agree to the proposed summary of the superseding indictment.

7. The Court reviewed with counsel an anticipated schedule for trial, with the understanding that the schedule may be modified as the need arises during the course of trial based on juror schedules and counsels' schedules, requests for recesses, and other matters.

8. Defense counsel is not required to disclose the names of any potential witnesses to be read to the panel during *voir dire*. He will advise the Court prior to *voir dire* whether he will disclose the names of any potential witnesses to be read to the panel during *voir dire*.

9. The parties agree not to permit jurors to ask questions

10. Mr. Ross has stipulated to the government's exhibits prior to trial. Counsel will raise objections as evidence is introduced and offered during the course of trial, and the Court will rule on contemporaneous objections.

11. The Court's practice is to instruct before closing and to send an agreed-upon, admitted set of exhibits and one set of instructions to the jury room during deliberation. The parties and the Court will confer on the manner of transmitting exhibits to jurors for review during deliberation.

12. The Court grants the government's motion *in limine* as to all three points (Dkt. No. 136). Mr. Ross has agreed to the motion.

13. The Court denies Mr. Ross's motion *in limine* based upon Federal Rules of Evidence 401 and 403, made orally during the pretrial conference as to the scope of evidence permitted. The Court will rule on contemporaneous objections.

SO ORDERED this 6th day of October, 2020.

_____
Kristine G. Baker
United States District Judge