UNITED STATES DISTRICT
COURT EASTERN DISTRICT OF
ARKANSAS CENTRAL DIVISION

UNITED STATES OF AMERICA                                                      PLAINTIFF

V.                              CASE NO. 4:18CR00487-3 KGB

JAMES DAVID ROSS                                                              DEFENDANT

### ORDER

On October 8, 2020, a jury found defendant James David Ross guilty of two counts of aiding and abetting honest services mail fraud (Dkt. No. 147). Before the Court is Mr. Ross's renewal of motion for judgment of acquittal (Dkt. No. 149). The government responded objecting to Mr. Ross's motion for judgement of acquittal (Dkt. No. 152). For the following reasons, the Court denies Mr. Ross's motion (Dkt. No. 149).

Mr. Ross moves for a judgment of acquittal on all counts under Federal Rule of Criminal Procedure 29. "In ruling on a motion for a judgment of acquittal, the role of the court 'is not to weigh evidence ... but rather to determine whether the Government has presented evidence on each element to support a jury verdict.'" *United States v. Boesen*, 491 F.3d 852, 857 (8th Cir. 2007) (quoting *United States v. Chavez*, 230 F.3d 1089, 1091 (8th Cir.2000)). The Court views "the entire record in the light most favorable to the government, resolves all evidentiary conflicts accordingly, and accepts all reasonable inferences supporting the jury's verdict." *Id.* at 856; *United States v. Water*, 413 F.3d 812, 816 (8th Cir.2005); *United States v. Ellefson*, 419 F.3d 859, 862 (8th Cir.2005); *see also United States v. White*, 794 F.3d 913, 918 (8th Cir. 2015). "The Government's case need not rule out every reasonable hypothesis except guilt; rather, drawing all reasonable inferences in favor of the verdict, there must be 'an interpretation of the evidence that would allow a reasonable minded jury to find the defendant[] guilty beyond a reasonable doubt.'" *White*, 794 F.3d at 918 (citing *Boesen*, 491 F.3d at 856, 858). "A motion for judgment of acquittal should be granted only if there

is no interpretation of the evidence that would allow a reasonable jury to find the defendant guilty beyond a reasonable doubt." *United States v. Cacioppo*, 460 F.3d 1012, 1021 (8th Cir.2006) (quoting *United States v. Gomez*, 165 F.3d 650, 654 (8th Cir.1999)); *see also United States v. Mendoza–Larios*, 416 F.3d 872, 873 (8th Cir.2005), *United States v. Jackson*, 345 F.3d 638, 647 (8th Cir.2003). This standard is "very strict" and a jury's verdict should not be overturned lightly. *Ellefson*, 419 F.3d at 862.

Mr. Ross argues that the government failed at trial to "prove that the mailings in this matter . . . were incident to an essential part of the scheme herein." (Dkt. No. 149, ¶ 3). Mr. Ross argues that the mailings "were not necessary or essential for the scheme to continue nor were the mailings made for the purpose of executing the scheme." (Dkt. No. 150-1 at 2).

"To establish mail fraud, the Government must prove: "(1) a scheme to defraud by means of material false representations or promises, (2) intent to defraud, (3) reasonable foreseeability that the mail would be used, and (4) that the mail was used in furtherance of some essential step in the scheme." *United States v. Nguyen*, 829 F.3d 907, 921 (8th Cir. 2016) (quoting *United States v. Bennett*, 765 F.3d 887, 893 (8th Cir. 2014)). "[I]t is not necessary to show that the defendant mailed anything himself, it is sufficient to show that he caused the mailing." *Id.* (quoting *United States v. Brickey*, 426 F.2d 680, 684 (8th Cir. 1970)). The Supreme Court has held that "where one does an act with knowledge that the use of the mails will follow in the ordinary course of business, or where such use can reasonably be foreseen, even though not actually intended, then he 'causes' the mails to be used." *Pereira v. United States*, 347 U.S. 1, 8–9 (1954); *Nguyen*, 829 F.3d at 921 ("One 'causes' the mails to be used where he 'does an act with knowledge that the use of the mails will follow in the ordinary course of business, or where such use can reasonably be foreseen, even though not actually intended.'"). Mr. Ross contends that the "mailings to ADEQ by Mississippi County were collateral to the scheme . . . [and] contributed nothing to the success of the scheme." (Dkt. No. 140

at 3). However, the "in furtherance" requirement of the mail-fraud statute does not require that a mailing itself be inherently criminal or serve some essential role in the underlying scheme. *Nguyen*, 829 F.3d at 921; *United States v. Freitag*, 768 F.2d 240, 243 (8th Cir. 1985). Instead, "[m]ailings are considered to be in execution of a fraudulent scheme if they are 'sufficiently closely related,' or 'incident to an essential part of the scheme.'" *United States v. Boyd*, 606 F.2d 792, 794 (8th Cir. 1979) (internal citations omitted).

When Mr. Ross made his initial motion for acquittal at trial, the government responded orally and argued "that the mailings that were the basis for the two counts of the Indictment were essential to the scheme because they ensured the continued operations of the landfill: as long as the landfill continued to operate, the scheme could continue as well." (Dkt. No. 152 at 1). At trial, the government presented testimony that William Chester Allen, the director of the landfill and part of the scheme, was "well aware that the mailings were a necessary part of the normal operations of the landfill." *Id.*

The Court finds, given this and all other evidence presented at trial, the jury had sufficient evidence to convict James David Ross on Counts One and Two of aiding and abetting honest services mail fraud.

Accordingly, James David Ross's motion for judgment of acquittal is denied (Dkt. No. 149).

SO ORDERED this 3rd day of December, 2020.

_____
James M. Moody Jr.
United States District Judge